UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CASE NO. 1:17-CR-00332** |
| **VERSUS** | **JUDGE DRELL** |
| **DUSTIN RAY SPEARS, SR.** | **MAGISTRATE JUDGE PEREZ-MONTES** |

## RULING AND ORDER

Dustin Ray Spears, Sr. ("Sears") was indicted on December 14, 2017, in a six count indictment for: using a facility in interstate commerce to entice a minor to engage in criminal sexual activity; traveling in interstate commerce to have sex with a minor; production of child pornography; and multiple counts of receipt of child pornography. (Doc. 1). On June 13, 2018, Spears entered a plea of guilty to one count of receiving child pornography and was sentenced to 97 months in prison followed by 10 years of supervised release. (Docs. 27 and 36). Spears is currently incarcerated at FCI Ashland in Ashland, Kentucky.

Spears filed a *pro se* motion for compassionate release entitled "Motion to Reduce Sentence Pursuant to U.S.C. §3582(C)(1)(A)(i)" (Doc. 39) which is presently before the court. Spears seeks compassionate release from imprisonment and argues he suffers from "high blood pressure and a mild form of Chronic Breathing Problems." (Id. at 1). He contends these underlying health conditions create "extraordinary and compelling circumstances" warranting his release to a term of home confinement. (Id.). The motion has been fully briefed by the parties and the government opposes the request for relief. (Doc. 41).

"'[A] judgment of conviction that includes [a sentence of imprisonment] constitutes a final judgment' and may not be modified by a district court except in limited circumstances." As set forth in Section 3582(b), these circumstances are: (1) upon a motion for sentence reduction under

18 U.S.C. §3582(c)(1)(A); (2) in the manner and to the extent provided for in Fed. R. Crim. P. 35; and, (3) where a sentence was imposed based on a sentencing guideline range that has since been retroactively lowered. 18 U.S.C. §3582(b); Dillon v. United States, 560 U.S. 817 (2010).

Motions for sentence reduction under Section 3582(c)(1)(A), most often referred to as compassionate release motions, may be filed at the inmate's request by the Bureau of Prisons ("BOP") or by the inmate himself after exhaustion of his administrative remedies. The exhaustion requirement for motions filed directly by the inmate is mandatory and a jurisdictional prerequisite in this court. Ross v. Blake, 136 S.Ct. 1850 (2016); United States v. Chambliss, 948 F.3d 691, 692-93 (5th Cir. 2020). Section 3582(c)(1)(A) provides that prisoners may: (1) file a motion with the court after fully exhausting all administrative rights to appeal the BOP's decision not to file a motion for compassionate release, or (2) file a motion with the court after requesting release when there has been a lapse of thirty (30) or more days from the receipt of such request by the warden of the Defendant's facility, whichever is earlier. 18 U.S.C. §3582(c)(1)(A). However, we believe the right to proceed results when either the facility's warden denies the request or 30 days passes, whichever is first. There may be, but need not be, an actual appeal to a higher BOP official, but the other limiting factors shall apply.

Here, Spears filed a request for compassionate release with the warden at FCI Ashland and received a decision denying his request. (Id. at 2). Accordingly, failure to exhaust is not at issue in this case.

Despite Spears' contention that "extraordinary and compelling reasons" warrant a reduction in his sentence, the law and evidence before the court indicate otherwise. Application note 1 of the United States Sentencing Guidelines §1B1.13 sets forth what may constitute

"extraordinary and compelling" circumstances that would permit a court to grant relief under §3582(c)(1)(A):

    (A) **Medical Condition of the Defendant.-**

        (i) The defendant is suffering from a terminal illness (i.e. a serious and advanced illness with an end of lift trajectory). A specific prognosis of life expectancy (i.e. a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.

        (ii) The defendant is –

            (I) suffering from a serious physical or mental condition,

            (II) suffering from a serious functional or cognitive impairment, or

            (III) experiencing deteriorating physical or mental health because of the aging process,

        that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

    (B) **Age of the Defendant.** – The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.

    (C) **Family Circumstances.** –

        (i) The death or incapacitation of the caregiver of the defendant's minor child or children.

        (ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only caregiver for the spouse of registered partner.

    (D) **Other Reasons.** – As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with the reasons described in subdivision (A) through (C).

A review of Spears' motion reveals that he asserts no medical condition rising to the level of those enumerated within the provisions above. Rather, the instant motion expresses generalized fears related to the nature of the COVID-19 pandemic and, more specifically, the difficulties in observing recommended containment protocols presented by the prison environment. Spears avers that he suffers from high blood pressure and a "mild form of Chronic Breathing Problems;" however, he offers no medical documentation of any underlying medical diagnosis, condition or ongoing treatment. Thus, his motion offers no support for its COVID-related concerns beyond the generalized fears that incarcerated persons may share. Further, evidence provided by the Government shows that Spears' high blood pressure is controlled. Accordingly, there is no evidence to show Spears suffers from a serious illness that further subjects him to higher risk, should be contract COVID-19. Finally, while Spears alleges that the methods employed at FCI Ashland are insufficient to preserve his safety relative to the risk of COVID-19 infection at issue, Spears' allegations are vague and offer no evidence of infections rates at FCI Ashland as compared with other FCIs or other probative information. United States v. Koons, 2020 WL 1940570 (W.D. La. 2020); United States v. Clark, 2020 WL 1557397 (M.D. La. 2020).

Spears' motion also seeks, in the alternative, conversion of his sentence to home confinement under the CARES Act. (Doc. 39). This court lacks jurisdiction to designate inmates for reassignment to home confinement under the CARES Act and, accordingly, this portion of Hall's motion will also be denied. United States v. Korieocha, 2020 WL 2331679 (E.D. La. 2020); United States v. Gentry, 2020 WL 2131001 (W.D. La. 2020); United States v. Echols, 2020 WL 2309255 (N.D. Miss. 2020).

As expressed in the court's analysis above, Spears' motion demonstrates no basis for relief under either the First Step or CARES Act and, for the reasons stated herein, it is hereby

ORDERED that Spears' instant motion (Doc. 39) is DENIED as to his claim for reduction in sentence under the First Step Act (18 U.S.C. § 3582(c)(1)(A)(i)) based on the court's finding that he fails to show the existence of "extraordinary and compelling reasons" as that term is defined by law and jurisprudence. Spears' motion is also denied as to his claim for conversion of his sentence to home confinement under the CARES Act (18 U.S.C. § 3624(c)(2)) based on this court's lack of jurisdiction over that claim.

THUS DONE AND SIGNED this 8th day of September 2020, at Alexandria, Louisiana.

DEE D. DRELL, JUDGE
UNITED STATES DISTRICT COURT