UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CASE NO. 1:17-CR-00332** |
| **VERSUS** | **JUDGE DRELL** |
| **DUSTIN RAY SPEARS, SR.** | **MAGISTRATE JUDGE PEREZ-MONTES** |

RULING AND ORDER

Before the court is a *pro se* letter motion from Dustin Ray Spears, Sr. ("Sears") seeking to reduce his sentence. (Doc. 43). For the reasons expressed herein, the motion is DENIED.

Spears was indicted on December 14, 2017, in a six-count indictment for: using a facility in interstate commerce to entice a minor to engage in criminal sexual activity; traveling in interstate commerce to have sex with a minor; production of child pornography; and multiple counts of receipt of child pornography. (Doc. 1). On June 13, 2018, Spears entered a plea of guilty to one count of receiving child pornography and was sentenced to 97 months in prison followed by 10 years of supervised release. (Docs. 27 and 36). Spears is currently incarcerated at FCI Ashland in Ashland, Kentucky.

Spears previously filed a *pro se* motion for compassionate release entitled "Motion to Reduce Sentence Pursuant to 18 U.S.C. §3582(C)(1)(A)(i)" (Doc. 39) which this court denied. Spears now seeks a reduction in sentence so he can care for his mother whose "health [is] steadily beginning to decline." (Doc. 43). As no other grounds for a reduction in sentence are set forth in Spears' letter motion, we deem it as a motion for compassionate release from imprisonment pursuant to 18 U.S.C. §3582.

"'[A] judgment of conviction that includes [a sentence of imprisonment] constitutes a final judgment' and may not be modified by a district court except in limited circumstances." As set

forth in Section 3582(b), these circumstances are: (1) upon a motion for sentence reduction under 18 U.S.C. §3582(c)(1)(A); (2) in the manner and to the extent provided for in Fed. R. Crim. P. 35; and, (3) where a sentence was imposed based on a sentencing guideline range that has since been retroactively lowered. 18 U.S.C. §3582(b); Dillon v. United States, 560 U.S. 817 (2010).

Motions for sentence reduction under Section 3582(c)(1)(A), most often referred to as compassionate release motions, may be filed at the inmate's request by the Bureau of Prisons ("BOP") or by the inmate himself after exhaustion of his administrative remedies. The exhaustion requirement for motions filed directly by the inmate is mandatory and a jurisdictional prerequisite in this court. Ross v. Blake, 136 S.Ct. 1850 (2016); United States v. Chambliss, 948 F.3d 691, 692-93 (5th Cir. 2020). Section 3582(c)(1)(A) provides that prisoners may: (1) file a motion with the court after fully exhausting all administrative rights to appeal the BOP's decision not to file a motion for compassionate release, or (2) file a motion with the court after requesting release when there has been a lapse of thirty (30) or more days from the receipt of such request by the warden of the Defendant's facility, whichever is earlier. 18 U.S.C. §3582(c)(1)(A). However, we believe the right to proceed results when either the facility's warden denies the request or 30 days passes, whichever is first. There may be, but need not be, an actual appeal to a higher BOP official, but the other limiting factors shall apply.

Spears does not assert, much less show, that he presented his request for a compassionate release motion to the warden of his facility as required by the applicable statute and this court may not waive the obligation to exhaust administrative remedies. Ross at 1856-57; United States v. Raia, 954 F.3d 594 (3d Cir. 2020). Accordingly, we find that this court lacks jurisdiction to entertain the letter motion and it must be denied.

Even if Spears could demonstrate exhaustion, this court would not be inclined to grant the motion as this Defendant does not present "extraordinary and compelling reasons" for a grant of such relief as is also required by Section 3582(c)(1)(A). Application note 1 of the United States Sentencing Guidelines §1B1.13 sets forth what may constitute "extraordinary and compelling" circumstances that would permit a court to grant relief under §3582(c)(1)(A):

(A) **Medical Condition of the Defendant.-**

    (i) The defendant is suffering from a terminal illness (i.e. a serious and advanced illness with an end of lift trajectory). A specific prognosis of life expectancy (i.e. a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.

    (ii) The defendant is –

        (I) suffering from a serious physical or mental condition,

        (II) suffering from a serious functional or cognitive impairment, or

        (III) experiencing deteriorating physical or mental health because of the aging process,

that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

(B) **Age of the Defendant.** – The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.

(C) **Family Circumstances.** –

    (i) The death or incapacitation of the caregiver of the defendant's minor child or children.

    (ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only caregiver for the spouse of registered partner.

(D) **Other Reasons.** – As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with the reasons described in subdivision (A) through (C).

Again, Spears asserts that one of his sentence enhancements should be removed so he "might be able to care for [his] mother." (Doc. 43). Though "Family Circumstances" may result in the grant of compassionate release, such is only warranted when a defendant must care for his minor child(ren) due to the death or incapacitation of the caregiver or when a spouse or registered partner is incapacitated, and the defendant is the only caregiver. Care for a parent is not listed as a consideration for compassionate release and we do not find that it warrants consideration under "Other Reasons."

Additionally, we note that several district courts analyzing motions for compassionate release in the midst of the COVID-19 pandemic have concluded that a defendant convicted of receipt of child pornography should not be released to home confinement, where there is a risk that he will reoffend. *See, e.g.*, United States v. Feiling, No. 3:19CR112 (DJN), 2020 WL 1821457, at *8 (E.D. Va. Apr. 10, 2020) (denying motion for compassionate release of defendant convicted of possession of child pornography in part because defendant committed his instant offense while at home, "meaning a term of home confinement would be less likely to protect the public"); United States v. Miezin, No. 1:13CR15, 2020 WL 1985042, at *5 (N.D. Ohio Apr. 27, 2020) (denying motion for compassionate release of defendant convicted of receipt and distribution of child pornography, in part because "[i]n today's society with smartphones, tablets, laptops, smart TVs, and countless other devices, it would not be possible to place [defendant] in home confinement and eliminate his ability to engage in his prior criminal conduct."); United States v. Hylander, No. 18-CR-60017, 2020 WL 1915950, at *3 (S.D. Fla. Apr. 20, 2020) (denying motion for compassionate release of defendant convicted of possession of child pornography

4

because "defendant proposes to be released to the home with his wife and brother-in-law, which is precisely the location in which the offense for which he was convicted was committed, and presents a concern that Defendant will reoffend."); cf. United States v. Fischman, No. 16-CR-00246-HSG-1, 2020 WL 2097615, at *3 (N.D. Cal. May 1, 2020) (granting motion for compassionate release for defendant convicted of possession of child pornography where defendant had served majority of his sentence and taken steps towards rehabilitation while in prison). Though the instant motion is not a COVID-19 related request for compassionate release, we find the reasoning pertains to the instant motion and we are not inclined to find Spears does not present a danger to the community.

Finally, Spears argues that he was "given very strict conditions for …supervised release." (Doc. 43). What the argument ignores is that the normal ability of probation offices to be proactive is also presently constrained by the current COVID-19 pandemic, what with social distancing requirements. That is another constraining consideration for release considering Spears' request.

For the foregoing reasons, it is hereby

ORDERED that Spears' instant motion (Doc. 43) is DENIED.

THUS DONE AND SIGNED this ___7th___ day of October 2020, at Alexandria, Louisiana.

                                                        DEE D. DRELL, JUDGE
                                                        UNITED STATES DISTRICT COURT