UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| UNITED STATES OF AMERICA | * | CRIMINAL NO. 1:17-cr-00332-01 |
|---|---|---|
| | * | |
| VERSUS | * | JUDGE DRELL |
| | * | |
| DUSTIN RAY SPEARS, SR. | * | MAGISTRATE JUDGE PEREZ-MONTES |

### UNITED STATES' RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE

The defendant, an inmate currently incarcerated at FCI Milan, seeks a sentence reduction (compassionate release) pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) based on his need to care for his mother and stepfather. Because the defendant has not established an "extraordinary and compelling reason" for release as that term is defined for purposes of 18 U.S.C. § 3592(c)(1)(A), and because the 18 U.S.C. § 3553(a) factors weigh against release, his motion should be denied.

### RELEVANT BACKGROUND

On December 14, 2017, the defendant was charged in a six count indictment with Using a Facility in Interstate Commerce to attempt to entice a minor to engage in criminal sexual activity; travel to engage in illicit sexual conduct with a minor, production of child pornography and 3 counts of receiving child pornography. On August 7, 2018, the defendant pled guilty to receiving child pornography in violation of 18 U.S.C. § 2252A(a)(2)(A). PSR p.3.

The facts leading to the defendant's conviction as outlined in the presentence report are as follows: The defendant, 27 year old man, while in Athens Georgia, began

1

communicating with a 15 year old girl in the Western District of Louisiana. During their on-line chat the defendant caused the minor female to send sexually explicit images and videos to him from her cell phone. The defendant also sent videos of himself masturbating to the victim. PSR pp 4-5. After convincing the minor victim to send him sexually explicit images, the defendant then traveled from Georgia to Louisiana and engaged in criminal sexual activity with the child.

As reflected in the presentence report, the defendant has no prior criminal convictions. He does, however have a prior arrest for child abuse or neglect. On November 26, 2018, the defendant was sentenced to 97 months in prison. This sentence was at the high end of the guidelines.

Spears filed a previous motion for compassionate release. The first was a COVID-19-related motion which was denied. Rec. Doc. 39. The First Motion was denied based upon his failure to demonstrate extraordinary and compelling reasons justifying the relief requested. Rec. Doc. 42.

The instant motion is *not* related to COVID-19. In this motion, Spears contends there are extraordinary and compelling circumstances for release. In support, he cites his need to care for his mother and stepfather. The defense has not demonstrated that he has exhausted. Even assuming he has, there is no basis to grant the motion for compassionate release.

## LAW AND ARGUMENT

### I. The defendant is not entitled to compassionate release, so his motion should be denied.

"[A] judgment of conviction that includes [a sentence of imprisonment] constitutes a final judgment and may not be modified by a district court except in limited circumstances." *Dillon v. United States*, 560 U.S. 817, 825 (2010) (cleaned up). Consistent with that principle of finality, 18 U.S.C. § 3582(c) provides that a court generally "may not modify a term of imprisonment once it has been imposed," except in three circumstances: (1) upon a motion for reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), such as that presented by the defendant; (2) "to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure," 18 U.S.C. § 3582(c)(1)(B); and (3) where the defendant was sentenced based on a retroactively lowered sentencing range, 18 U.S.C. § 3582(c)(2).

Relevant here, under § 3582(c)(1)(A), a court may reduce a term of imprisonment upon finding "extraordinary and compelling circumstances," consistent with applicable guideline policy statements. Under the statute as amended by the First Step Act of 2018 ("FSA"), the Court may act "upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." *Id*. In this case, the defendant has not asserted, nor is there evidence of

3

his exhaustion of his administrative remedies by filing an administrative request for relief and waiting 30 days without receiving a determination.

Even if the defendant had exhausted administrative remedies, the defendant's motion would fail on the merits. Section 3582(c)(1)(A) provides that any reduction must be "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). The specific policy statement referencing § 3582(c)(1)(A) is U.S.S.G. § 1B1.13, which provides that "[u]pon motion of the Director of the Bureau of Prisons," a court may reduce the term of imprisonment after considering the § 3553(a) factors if the Court finds that "extraordinary and compelling reasons warrant the reduction"; "the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)"; and "the reduction is consistent with this policy statement."[1] U.S.S.G. § 1B1.13(1)(A), (2) and (3).

The § 1B1.13 policy statement also includes commentary specifying the types of medical conditions that qualify as "extraordinary and compelling reasons." First, that standard is met if the defendant is "suffering from a terminal illness," such as "metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, [or] advanced dementia." U.S.S.G. § 1B1.13, cmt. n.1(A)(i). Second, the standard is met if the defendant is: (1) suffering from a serious physical or medical condition, (2) suffering from a serious functional or cognitive impairment, or (3)

---

[1] The policy statement also addresses reductions for defendants who are at least 70 years old and have served at least 30 years in prison pursuant to a sentence imposed under 18 U.S.C. § 3559(c). U.S.S.G. § 1B1.13(1)(B). That provision is not applicable in this case.

experiencing deteriorating physical or mental health because of the aging process, any of which substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility, and from which he or she is not expected to recover. U.S.S.G. § 1B1.13, cmt. n.1(A)(ii). The commentary also sets forth other conditions and characteristics that qualify as "extraordinary and compelling reasons," including some related to the defendant's age and family circumstances. U.S.S.G. § 1B1.13, cmt. n.1(B)-(C). Finally, the commentary recognizes the possibility that BOP could identify other grounds that amount to "extraordinary and compelling reasons." U.S.S.G. § 1B1.13, cmt. n.1(D).

With regard to the last consideration relating to "extraordinary and compelling reasons" identified by the Director, BOP has issued a regulation defining its own consideration of compassionate release requests. *See* BOP Program Statement 5050.50.[2] This program statement was amended effective January 17, 2019, following the First Step Act's passage. It sets forth in detail BOP's definition of the circumstances that may support a request for compassionate release, limited to the same bases the Sentencing Commission identified: serious medical condition, advanced age, and family circumstances.

In *United States v. Shkambi*, 993 F.3d 338 (5th Cir. 2021), the Fifth Circuit addressed, as a question of first impression, whether § 1B1.13 and its commentary bind the district court when ruling on motions filed by defendants on their own behalf after Congress amended § 3582(c)(1)(A) to permit such filings. After exhausting his

---

[2] Available at https://www.bop.gov/policy/progstat/5050_050_EN.pdf.

administrative remedies, Shkambi had filed a motion for compassionate release in the district court, citing as an "extraordinary and compelling reason" for relief his fear of a COVID-19 re-infection because he took immunosuppressant medication for gout. The district court dismissed the motion, finding Shkambi's extraordinary-and-compelling-reason argument "failed because it was untethered to the Sentencing Commission's binding applicable policy statement in section 1B1.13 of the Sentencing Guidelines."[3] *Shkambi*, 993 F.3d at 389 (cleaned up).

On appeal of that ruling, the Fifth Circuit reversed and remanded. Tracing the history of § 3582(c)(1)(A), the Court observed the FSA had made a significant change to the statute. While the former version had authorized only the Director of the Bureau of Prisons to file motions for sentence reduction, under the FSA's amendment, defendants, after exhausting their administrative remedies, could "move on their own accord." *Shkambi*, 993 F.3d at 392. The Court noted other aspects of § 3582 remained unchanged, however, and defendants seeking relief "still must show 'extraordinary reasons'; they still must show that compassionate release is consistent with applicable policy statements from the Commission; and they still must convince the district judge to exercise discretion to grant the motion after considering the § 3553(a) factors." *Shkambi*, 993 F.3d at 392.

---

[3] The district court had dismissed Shkambi's motion on jurisdictional grounds, finding because he was ineligible for relief, it was without jurisdiction to consider his motion. *Shkambi*, 993 F.3d at 389. The Fifth Circuit held the district court had erred in that respect, as "Shkambi [had] properly filed [his motion] in a court that had the power to grant it," and the fact that it had ultimately found it meritless did not affect its jurisdiction. *Id*. at 389-390. That aspect of *Shkambi* is not relevant to the instant motion, as the United States is not contesting jurisdiction in this case.

6

Turning to whether § 1B1.13 remained the "*applicable* policy statement" cabining the court's discretion when a defendant files his own motion, the Court concluded it did not. Citing the plain language of the guideline and its commentary, both of which expressly refer to "motion[s] of the Director of Bureau of Prisons," the Court concluded a district court "cannot rely on pieces of text in an otherwise inapplicable policy statement." *Shkambi*, 993 F.3d at 392. Accordingly, the Court held "that neither the policy statement nor the commentary to it binds a district court addressing a prisoner's own motion under § 3582," and "[t]he district court … is bound only by § 3582(c)(1)(A)(i) and, as always, the sentencing factors in § 3553(a)."[4] *Shkambi*, 993 F.3d at 392.

*Shkambi* does not, however, render § 1B1.13 irrelevant with respect to defendant-filed motions under § 3582(c)(1)(A). As the Fifth Circuit recognized even before *Shkambi*, "[a]lthough not dispositive, the commentary to … § 1B1.13 informs our analysis as to what reasons may be sufficiently 'extraordinary and compelling' to merit compassionate release."[5] *United States v. Thompson*, 984 F.3d 431, 433 (5th Cir. 2021). And other circuits are in accord. *United States v. Gunn*, 980 F.3d 1178,

---

[4] Though the United States acknowledges this Court is now bound by *Shkambi*, it maintains its initial position—that the § 1B1.13 policy statement is binding—in order to preserve the issue for later review. Further, it notes the § 1B1.13 policy statement could once again be "applicable" in the future if the Sentencing Commission regains a quorum and updates § 1B1.13 to reflect the FSA's amendments to § 3582(c)(1)(A). *See United States v. Gunn*, 980 F.3d 1178, 1179-81 (7th Cir. 2020) (discussing the Sentencing Commission's inability at the time the FSA was passed to update the policy statement due to lack of a quorum, and its option to do so in the future when new members are appointed).

[5] *Shkambi* does not purport to overrule *Thompson*; in fact, *Shkambi* does not mention *Thompson* at all. Regardless, because *Thompson* was decided earlier, under the Fifth Circuit's rule of orderliness, *Shkambi* could not overrule it. *Jacobs v. Nat'l Drug Intel. Ctr.*, 548 F.3d 375, 378 (5th Cir. 2008) ("It is a well-settled Fifth Circuit rule of orderliness that one panel of our court may not overturn another panel's decision, absent an intervening change in the law, such as by a statutory amendment, or the Supreme Court, or our en banc court.").

1180 (7th Cir. 2020) ("The substantive aspects of the Sentencing Commission's analysis in § 1B1.13 and its Application Notes provide a working definition of 'extraordinary and compelling reasons'; a judge who strikes off on a different path risks an appellate holding that judicial discretion has been abused. In this way the Commission's analysis can guide discretion without being conclusive."); *United States v. Aruda*, 2021 WL 1307884, at *4 (9th Cir. Apr. 8, 2021) (citing *Gunn* and recognizing "[t]he Sentencing Commission's statements in U.S.S.G. § 1B1.13 may inform a district court's discretion for § 3582(c)(1)(A) motions filed by a defendant, but they are not binding").

In the light of these legal standards, the defendant is not eligible for compassionate release on two alternative grounds:

### A. The defendant has not identified "extraordinary and compelling reasons" for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A).

In his motion, the defendant asserts he is entitled to compassionate release because he needs to care for his mother and stepfather. The defendant does not suggest that he suffers from any medical condition entitling him to compassionate release.

The factor identified in Spears' motion does not constitute "extraordinary and compelling" reasons for release. Hardships related to needing to care for family members are unfortunate collateral consequences of choosing criminal behavior, present in virtually every case.

Further, under the guideline policy statement addressing § 3582(c)(1)(A) motions, family circumstances justify compassionate release only in cases involving

8

the death or incapacitation of the caregiver of the defendant's minor child or children; or the incapacitation of the defendant's spouse or registered partner where the defendant would be the sole caregiver for the spouse or partner. U.S.S.G. § 1B1.13, cmt. n.1(C). Thus, the defendant's circumstances are outside the scope of that statement. While, as noted above, the policy statement is not binding on this Court in addressing this motion, it does "inform[ ] the analysis as to what reasons may be sufficiently 'extraordinary and compelling' to merit compassionate release." *Thompson*, 984 F.3d at 433.

### B. Regardless, the defendant's motion should be denied because the 18 U.S.C. § 3553(a) factors weigh against release.

Alternatively, this Court should deny the defendant's motion because he has not demonstrated that release is appropriate in light of the § 3553(a) factors. See 18 U.S.C. § 3582(c)(1)(A); *Shkambi*, 993 F.3d at 392 (noting that one of the requirements for relief the FSA left undisturbed was that the defendant "convince the district judge to exercise discretion to grant the motion after considering the § 3553(a) factors"); *see also*, *United States v. Chambliss*, 948 F.3d 691, 694 (5th Cir. 2020) (affirming the denial of compassionate release where the district court properly relied on the fact that an inmate suffering from terminal cancer had a violent criminal history, had committed a violent offense, and had served less than half the sentence imposed).

In this case, the § 3553(a) factors, namely the facts and circumstances of the offense of conviction weigh heavily against release. Spears' underlying conviction demonstrate that the defendant is a danger to the community based upon his admitted criminal sexual activity. The uncontested facts submitted in the

9

presentence report demonstrate that the defendant, 27 year old man, while in Athens Georgia, began communicating on the Internet with a 15 year old girl in the Western District of Louisiana. During their on-line chat the defendant caused the minor female to send sexually explicit images and videos to him from her cell phone. The defendant also sent videos of himself masturbating to the victim. PSR pp 4-5. After convincing the minor victim to send him sexually explicit images, the defendant then traveled from Georgia to Louisiana and engaged in criminal sexual activity with the child.

Spears is not scheduled for release until November 7, 2024. As such, he has over two years remaining on a 97 month sentence. A reduced sentence would not represent "just punishment," 18 U.S.C. § 3553(a)(2)(A), and it would promote disparity with respect to defendants with similar criminal records who engaged in similar criminal conduct, 18 U.S.C. § 3553(a)(6).

The Fifth Circuit has affirmed the denial of compassionate release under similar circumstances. *See e.g., United States v. Huckel,* 839 F. App'x 940, 941 (5th Cir. 2021) (affirming the denial of a compassionate release motion because "Huckel had committed a serious offense; he had a 'fairly lengthy criminal history'; denial of the motion was necessary to protect the public from future crimes; and releasing Huckel was not in the interests of justice and would minimize the seriousness of his offense"; Huckel's "conclusional statements that the § 3553(a) factors favor his early release and that the district court failed to consider the § 3553(a) factors" were insufficient to demonstrate an abuse of discretion); *United States v. Martinez,* 832 F.

App'x 906 (5th Cir. 2021) (affirming the denial of a § 3582(c)(1)(A) motion where "the district court considered the sentencing factors in 18 U.S.C. § 3553(a)," and reasonably "place[d] greater weight on the seriousness of Martinez's offense, including the fact that a dangerous weapon was involved in the criminal activity, of which he was considered a leader"); *United States v. Barnes*, 832 F. App'x 343, 344 (5th Cir. 2020) ("To the extent that the district court's rationale implicated the § 3553(a) factors, Barnes fails to show that the district court abused its discretion by giving greater weight to the seriousness of Barnes's criminal history, his prison disciplinary record, the amount of time served on his sentence, the need to protect the community, and the need for just punishment than to Barnes's post-sentencing rehabilitation, his medical issues, the impact of the pandemic at USP Lewisburg, and the response to the pandemic by the Bureau of Prisons."); *United States v. Rudzavice*, 831 F. App'x 731, 732 (5th Cir. 2020) (finding no abuse of discretion in the district court's denial of a compassionate release motion based on a finding that "Rudzavice remained a danger to the safety of others and that his immediate release after serving less than half of his sentence would not be in the interest of justice and would minimize the seriousness of his crimes").

Finally, it is irrelevant that under *Shkambi*, § 1B1.13(2), which requires the district court to consider the "danger to the safety of any other person or to the community," is no longer binding with respect to a defendant-filed motion. First, as noted above, the policy statement, though not binding, remains persuasive in ruling on such motions, *Thompson*, 984 F.3d at 433, and it makes sense that this Court, just

11

like the Director of the Bureau of Prisons, would consider the danger posed by the defendant upon release. Moreover, the defendant poses such a danger precisely because of his history and characteristic and the facts and circumstances of the offense, 18 U.S.C. § 3553(a)(1), so, in a case like this one, a consideration of dangerousness is necessarily subsumed into an analysis of the § 3553(a) factors.

## CONCLUSION

Dustin Ray Spears has not presented extraordinary and compelling reasons justifying his release, and the relevant § 3553(a) factors weigh against it. His motion should be denied.

        Respectfully submitted,

        BRANDON B. BROWN
        United States Attorney

BY:   /s/ *John Luke Walker*
        JOHN LUKE WALKER (#18077)
        Assistant United States Attorney
        800 Lafayette Street
        Suite 2200
        Lafayette, Louisiana 70501
        (337) 262-6618

CERTIFICATE OF SERVICE

I hereby certify that a copy of the above was mailed to the following this 22nd day of August, 2022.

Dustin Ray Spears, Inmate 52824-074
FCI Milan
4004 East Arkona Road
Milan, Mi 48160

/s/ *John Luke Walker*
JOHN LUKE WALKER
Assistant U. S. Attorney