UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CASE NO. 1:17-cr-00332-01 |
| -vs- | JUDGE DRELL |
| DUSTIN RAY SPEARS, SR. (01) | MAGISTRATE JUDGE PEREZ-MONTES |

**MEMORANDUM RULING AND ORDER**

Before the Court is a letter motion for compassionate release filed *pro se* by Dustin Ray Spears, Sr. in which he requests he either be allowed to finish his sentence on home confinement or that his sentence be reduced so he may return home on supervised release. (Doc. 45). The Government filed its opposition to the motion arguing that Spears failed to: (a) exhaust his administrative remedies; (b) establish extraordinary and compelling reasons for compassionate release; and/or (c) demonstrate his release is appropriate in light of the § 3553(a) factors. (Doc. 48).

I.  **BACKGROUND**

Spears was indicted on December 14, 2017, in a six-count indictment for: using a facility in interstate commerce to entice a minor to engage in criminal sexual activity; traveling in interstate commerce to have sex with a minor; production of child pornography; and multiple counts of receipt of child pornography. (Doc. 1). One June 13, 2018, Spears entered a plea of guilty to one count of receiving child pornography and was sentenced to 97 months in prison followed by 10 years of supervised release. (Docs. 27 and 36). Spears has served approximately 70 months of his sentence and is currently incarcerated at FCI Milan in York Charter Township, Michigan.

Spears motion for compassionate release is his second such motion. His first motion sought release based upon COVID-19. Although this motion does mention COVID-19, the crux of his motion is that he should be released to care for his ailing parents and because he is no longer a threat to society.

## II. LAW AND ANALYSIS

### A. Exhaustion

Motions for sentence reduction under § 3582(c)(1)(A) may be filed at the inmate's request by the Bureau of Prisons or by the inmate himself after exhaustion of his administrative remedies. Pursuant to the First Step Act, prisoners may file a motion with the court after: (1) fully exhausting all administrative rights to appeal the BOP's decision not to file a motion for compassionate release, or (2) when there has been a lapse of thirty (30) or more days from the receipt of such request by the warden of the defendant's facility, whichever is earlier. In each instance, the court will consider the inmates administrative remedies fully exhausted. 18 U.S.C. § 3582(c)(1)(A). The Fifth Circuit has made clear that exhaustion of all administrative rights of appeal is a mandatory claim-processing rule. United States v. Franco, 973 F.3d 465, 468 (5th Cir. 2020).

Spears makes no assertions regarding efforts to exhaust his administrative remedies with the BOP. Accordingly, the motion is denied for failure to exhaust. Even if Spears did exhaust his administrative remedies, we would deny his motion.

### B. Compassionate Release

Generally, courts cannot modify sentences once imposed. Freeman v. United States, 564 U.S. 522, 526 (2011); see also 18 U.S.C. § 3582(c). However, this rule is subject to some exceptions. A court may reduce a term of imprisonment upon finding "extraordinary and compelling" circumstances and consideration of the factors set forth in 18 U.S.C. § 3553(a)

("Section 3553(a) factors"). 18 U.S.C. § 3582(c)(1)(A); United States v. Thompson, 984 F.3d 431, 433 (5th Cir. 2021); United States v. Shkambi, 993 F.3d 338 (5th Cir. 2021).

Though not binding or dispositive, Section 1B1.13's policy statement in the Sentencing Guidelines "informs our analysis as to what reasons may be sufficiently "extraordinary and compelling" to merit compassionate release. Thompson, 984 F.3d at 433 (citing United States v. Rivas, 833 F.App'x 556, 557-58 (5th Cir. 2020) (*per curiam*)). "Family Circumstances" may constitute extraordinary and compelling reasons for a defendant's release involving either "[t]he death or incapacitation of the caregiver of the defendant's minor child or children" or "[t]he incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner." U.S.S.G. § 1B1.13, cmt. n.1(C).

Here, Spears claims that his sibling passed away, leaving him the only living family member who can care for his family, and that his mother suffers from diabetes and his stepfather has undergone "various open-heart surgeries." (Doc. 45, p. 1). Spears provides no evidence in support of his statements. There are no medical records to establish that either his mother or stepfather are incapacitated. Care for ailing and aging parents does not constitute extraordinary and compelling circumstances as a vast majority of inmates have aging parents. See United States v. Kelly, 2020 WL 7062872, at *2 (W.D. La. Dec. 1, 2020); United States v. Crandle, 2020 WL 2188865, at *3 n. 27 (M.D. La. May 6, 2020) (collecting cases); United States v. Suliki, 2020 WL 4816110, at *2 (E.D. La. Aug. 19, 2020).

Even if Spears was able to demonstrate extraordinary and compelling circumstances, release is not appropriate after consideration of the § 3553(a) factors. When Spears was 27 years old, living in Tennessee, he began communicating on the internet with a 15-year-old girl who lived in the Western District of Louisiana. Spears knew the female was 15 years old. Nevertheless, he

3

had engaged in a pattern of activity for the purpose of exploiting the minor female. He enticed her to send him sexually explicit images and videos from her cell phone and he sent her videos of himself masturbating. Ultimately, Spears traveled from Tennessee to Louisiana to engage in criminal sexual activity with the minor female.

As mentioned above, Spears entered a plea to one count of receiving child pornography. Because Spears' conduct was farm more serious that the count to which he entered a plea of guilty, this court sentenced Spears to 97 months. That sentence reflected the high end of the sentencing guideline range of 78-97 months based on an offense level of 28 and criminal history category of I.

Although Spears' prior criminal history is negligible and does not show he has engaged in similar conduct, we cannot ignore the fact that he sought out this minor, knowing she was 15, and exploited her for his own personal gain. While he may have served nearly seventy-five percent of his sentence, he acknowledges that he is still waiting to attend the "Sex Offender Treatment Program." Accordingly, we find that allowing Spears early release or home confinement would offend the purposes set forth in § 3553(a) factors, particularly those regarding the need for the sentence imposed.

### III. CONCLUSION

For the foregoing reasons, it is hereby

**ORDERED** that Spears' motion for compassionate release (Doc. 45) is **DENIED** and the claims therein are **DISMISSED WITH PREJUDICE**.

**THUS DONE AND SIGNED** at Alexandria, Louisiana this 5th day of October 2022.

                                          DEE D. DRELL, SENIOR JUDGE
                                        UNITED STATES DISTRICT COURT